**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | ) | CR 07-00423-TUC-JMR (JCG) |
|---|---|---|
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| Erasmo Olivarez-Moreno, | ) | |
| Defendant. | ) | |

On December 20, 2007, Defendant Erasmo Olivarez-Moreno filed a Motion to Dismiss Indictment. (Doc. No. 37.) On December 27, 2007 the government filed a Response. (Doc. No. 38.)   On January 3, 2008, Defendant replied. (Doc. No. 39.)  This matter came before the Court for a hearing and a report and recommendation as a result of a referral made on February 12, 2007, pursuant to LRCrim 5.1.

Defendant's Motion was set for oral argument on January 8, 2008.  Defendant, who is presently in custody, was present and represented by counsel.  This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review: DENY Defendant's Motion to Dismiss Indictment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is charged with re-entry after deportation.  In his motion to dismiss the indictment, Defendant alleges that the underlying deportation order was defective and therefore an essential element of Defendant's indictment cannot be proven.

The background facts are undisputed.  Defendant is a native and citizen of Mexico. He was admitted to the United States at Douglas, Arizona on or about September 28, 1971 as a lawful permanent resident.  (Response, Ex. A.)  On January 6, 2000, Defendant pled guilty in the Third District Court in the County of Salt Lake, State of Utah, for the offense of Attempted Forgery, a class A misdemeanor, for which he was sentenced to a term of imprisonment of one year.  (Response, Ex. B.)

On February 5, 2007, an order of removal was issued by the Hon. United States Immigration Judge Sean Keenan in Eloy, Arizona, based on Defendant's conviction for attempted forgery. (Response, Ex. C.) Judge Keenan found that Defendant's conviction was an aggravated felony pursuant to 8 U.S.C. §1101(a)(43)(R) and (U), which defines aggravated felony to include an attempt to commit or the commission of an offense relating to forgery for which the term of imprisonment is at least one year.  (Doc. No. 36.)[1] Defendant was removed from the United States on February 5, 2007.

On March 7, 2007, Defendant was indicted for re-entry after deportation under 8 U.S.C. §1326 as enhanced by 8 U.S.C. §1326(b). (Doc. No. 5.) The government alleges that Defendant illegally re-entered the United States on February 7, 2007 and had a prior conviction for attempted forgery.  (*Id*.)

## ANALYSIS

A criminal defendant charged with a violation of 8 U.S.C. §1326 has a Fifth Amendment right to collaterally attack the underlying deportation order. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).  In order to bring a successful challenge, the defendant must show: (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair.  *Id.*  Defendant's arguments

---

[1] At the January 8, 2008 hearing, Defendant stipulated to the admission of the transcript from Defendant's February 5, 2007 immigration court hearing. (Doc. No. 36.)

regarding the first two prongs of the test rely are grounded in his conclusion regarding the third prong - the fundamental fairness of the order.  Therefore, the Court will address the third prong first.

    1.  <u>Fundamental Unfairness of the Entry of the Deportation Order</u>

Defendant asserts that his deportation proceedings were fundamentally unfair because the immigration judge's conclusion that Defendant's prior conviction for attempted forgery constituted an aggravated felony was based solely or primarily on Defendant's admission that he could be removed from the United States based on his prior conviction.  Defendant points to the following portion of the transcript in support.

Q: Is it true on January 6, 2000, you were convicted in the Third District Court, Salt Lake City, Utah, for attempted forgery, sentenced to one year.

A: Yes.

...

Q: The government seeks to remove you because they allege you've been convicted of an aggravated felony under forgery.

A.: May I ask a question, sir?

Q: Sure.

A: An aggravated charge, that's considered an assault or something.  I did not –

Q: There's many types of aggravated felonies.  Forgery is one of them.  It could be involving violence or it could be other types of charges.  So, under R, it lists forgery.  And you were convicted of attempted forgery, sentenced to one year.  So that appears to be an aggravated felony.  Do you understand that?

A: Yes, sir.

Q: Do you agree that's a correct reason you can be removed from the United States.

A: Yes, sir.

1       Q: All right.   Based on your testimony, review that, I find that it is an

2       aggravated felony.  Find you are subject to removal as charged.

3 (Doc. No. 36.)   According to Defendant, when Judge Keenan concluded that Defendant

4 committed an aggravated felony "based on [Defendant's] testimony," Judge Keenan was

5 relying solely on Defendant's affirmative answer to the question "Do you agree that's a

6 correct reason you can be removed from the United States."  The Court disagrees with this

7 reading of the transcript.

8       Judge Keenan's focus was in asking the Defendant about his prior convictions.  He

9 asked if the Defendant committed the forgery offense and confirmed the sentence he received

10 for the offense.  Defendant admitted that he had been convicted of attempted forgery and that

11 he had been sentenced to one year.  A fair reading of the transcript supports the conclusion

12 that when Judge Keenan stated that Defendant was subject to removal "based on [his]

13 testimony," he was reasonably referring to and relying on Defendant's testimony that he that

14 he had been convicted of attempted forgery and that he had been sentenced to one year, not

15 to Defendant's statement that he agreed he could be removed from the United States.

16       As a second component to his fundamental fairness argument, the Defendant argues

17 that the deportation proceedings were fundamentally unfair because the Immigration Judge

18 was incorrect in concluding that the attempted forgery conviction is an aggravated felony.

19 According to Defendant, 8 U.S.C. §1101(a)(43)(R) and (U) require Defendant to have been

20 sentenced to 366 days, and Defendant was only sentenced to 365. Defendant further contends

21 that the Immigration Judge was incorrect because there is no case law or authority supporting

22 the conclusion that attempted forgery is an aggravated felony.

23       8 U.S.C. §1101(a)(43)(R) and (U) plainly state that an aggravated felony includes an

24 attempted forgery conviction for which the sentence is "at least" one year.   The plain

25 meaning of "at least" one year would be any sentence of at least 365 days.  If the statute

26 intended to apply only to convictions carrying a sentence of 366 days or more, it would have

27 stated "more than" one year, not "at least" one year. The statute is legal authority, which the

28 Immigration Judge properly cited in support of his conclusion.  Consequently, the Defendant

1   has failed to meet his burden of proof to show that the Immigration Judge's conclusion was

2   fundamentally unfair.

3          **2.**     Exhaustion of Administrative Remedies and Underlying Removal Proceedings

4

5          In the alternative, Defendant has also failed to meet his burden of proof with respect

    to the first and second prongs of the test.  An alien is barred from collaterally attacking an
6
    underlying deportation order if he validly waived the right to appeal the order during his
7
    deportation proceedings.  *See United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir.
8
    2001).  A waiver is not valid if it does not comport with due process; to be a valid waiver,
9
    the waiver must be considered and intelligent.  *Id.*   (A waiver is not considered and
10
    intelligent when the record contains an inference that the petitioner is eligible for relief from
11
    deportation but the Immigration Judge fails to advise him of this possibility.)
12
           Defendant claims that the Immigration Judge erroneously informed him that his Utah
13
    conviction constituted an aggravated felony.  Defendant also claims that this misinformation,
14
    in combination with the manner in which he was advised of his right to appeal, made the
15
    waiver of his right to appeal invalid.  Because this Court has concluded that Judge Keenan
16
    correctly concluded that the Defendant's Utah conviction constituted an aggravated felony,
17
    Defendant's argument that the Judge provided him misinformation fails.  In addition,
18
    Defendant has failed to support his claim that he was not given a meaningful advisement of
19
    his rights.  As a basis for this argument, Defendant states that he was read his rights during
20
    a group removal proceeding in which the entire group of defendants listened to a recorded
21
    advisement of their rights.  Moreover, Defendant notes that there is no indication of the time
22
    elapsed between the group advisement and the time at which Defendant's individual case was
23
    considered.[2]  Defendant apparently means to suggest that the procedure was fundamentally
24
    inadequate.  Defendant has failed to  cite any case law in support of this argument or to
25
    explain exactly how the procedure violated his due process rights.
26

27  _____

28          [2]Defendant, of course, would have knowledge as to the amount of time that passed.
    Defendant has the burden of proof in this matter.

1     Review of the transcript from Defendant's deportation hearing indicates that
2  Defendant was advised of his rights, stated that he understood the proceedings and that his
3  waiver of his right to appeal was considered and intelligent.  Defendant was asked if he
4  understood his rights and Defendant stated that he did.  (Doc. No. 36, pg. 12.)  On three
5  occasions Defendant stated that he did not want his case postponed.  (*Id*., pgs. 12, 19, 20.)
6  Twice Defendant stated that he wanted to waive his right to appeal.  (*Id*., pgs 16, 20.)  When
7  Defendant was unsure of or had any questions about the proceedings, he asked for
8  clarification.  His questions were on point and indicative of his understanding of the
9  proceedings.  Given the review of the record, this Court concludes that the Defendant was
10 properly advised of his rights and knowingly waived his right to appeal.  The Court further
11 concludes that there was no misinformation on which the Defendant relied in deciding to
12 waive his right to appeal.

13                              **RECOMMENDATION**

14     In view of the foregoing, it is recommended that, after its independent review of the
15 record, the District Court: DENY Defendant's Motion to Dismiss Indictment.  (Doc. No. 37.)
16 The parties have ten (10) days to serve and file written objections to the Report and
17 Recommendation.  The parties are advised that any objections should be filed with the
18 following caption: **CR-07-00423-TUC-JMR**.

19     DATED this 18th day of January, 2008.

20
21     _____
22                      Jennifer C. Guerin
                    United States Magistrate Judge
23
24
25
26
27
28

- 6 -